# COMMON PLEAS COURT

No. 497

AUGLAIZE NAT. BANK v. MILLER et

Court of Common Pleas, Auglaize Co.

Decided Jan. 14, 1927

923. PLEADINGS—A demurrer to an answer to a petition, will not be sustained where the petition fails to state facts constituting a cause of action.

147. BILLS & NOTES—The allegation that upon maturity of a note, same was duly presented for payment might apply to any other time, other than the day of maturity; and where the petition fails to show when notice of dishonor was given, the allegation is simply a conclusion of law.

STUEVE, J.

The Auglaize National Bank of Wapakoneta, Ohio filed suit in the Auglaize Common Pleas against Ralph and Edith Miller claiming that the defendants executed and delivered to D. M. Ramga a promissory note dated July 16, 1921 and due 60 days after date. The endorsement "D. M. Ramga" appeared on the back of said note. The Bank averred that said note had not been paid, that Ramga was given notice thereof, and that it, (the Bank) is the holder of said note in due course for value. Judgment was prayed for against the Millers and Ramga in the sum of $609 with interest from July 16, 1921.

Ralph and Edith Miller failed to answer or demurrer; but Ramga answered, setting up three defenses which are, in substance; first: denial of liability on the note, and general denial to Bank's petition; second: that Ramga was the holder of a note against Ralph Miller alone in the amount of $609 and that in consideration of Ralph Miller and Edith Miller executing a new note, (the one upon which the Bank now brings suit) Ramga forbore bringing suit on the note against Ralph Miller; that the plaintiff agreed with Ramga to pay him the full amount of the note provided the note it now holds were secured, offering him the full face of $609 without further liability; that Ramga procured the signatures of Edith Miller and Ralph Miller and returned the new note to the plaintiff, he Ramga, being paid $609; that Ramga was asked by plaintiff to sign his name to the note to show that he had title; that the plaintiff undertook to rely solely upon the signatures of Edith and Ralph Miller and

that Ramga placed his name upon said note in no wise assuming or intending to assume any obligation under the note; third: that no notice of non-payment of said instrument was received by Ramga at the time or within a reasonable time after the note became due; and that he was first advised of the non-payment of the note by Ralph and Edith Miller May 1, 1922.

The Bank filed a demurrer to the second defense on the ground that the facts contained therein were insufficient, according to law, to constitute a defense. The Court of Common Pleas held:

1. The endorsement by Ramga was neither special, restrictive, qualified, nor conditional; but was an endorsement in blank.

2. Sections 8190 and 8191 GC. fix the time of maturity of this instrument which was due on Sept. 14, 1921. There is no averment in the petition of the exact date on which the note was presented for payment to the makers; and 8175 GC. prescribes presentment for payment as necessary in order to charge his endorser under his endorsement.

3. It does not appear that plaintiff presented said note for payment, that payment was refused, nor any reason for delay for such presentment; and under 8194 GC., Ramga should have had notice of the non-payment or dishonor of the note.

4. No averment was made in the petition that there was a compliance with 8210 GC., in regards to the giving of notice to an indorser and no waiver of notice is claimed by the plaintiff.

5. A demurrer searches the record, and judgment will be given against the party whose pleading was first defective in substance. Railroad Co. v. Movatt, 35 OS. 286.

6. Where a petition fails to state facts constituting a cause of action, a demurrer to an answer to such petition will not be sustained. Welch v. Benham, 6 N.P. 33.

7. "The allegation, that upon maturity of said note, same was duly presented for payment, might apply to any other time than the day of the maturity of the note. There is, nothing in the petition showing when the notice of dishonor was given to the appellant. The allegation is simply a conclusion of the pleader."

8. The demurrer applies to the petition in this cause, and the petition as to the indorser Ramga, is dismissed.

Judgment for D. M. Ramga, discharging him from liability.

Attorneys—Koenig & Lusk, Wapakoneta, for Bank; Lippincott & Lippincott, Lima, for Ramga.